# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 05CR01713-WQH |
| Plaintiff, | ORDER |
| vs. | |
| MIGUEL SALAZAR-CARRERA, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is Defendant's Motion for an Order to Adjudicate Probation and/or Supervised Release. (Doc. # 29).

## BACKGROUND

On January 6, 2006, Defendant pled guilty to one count of attempted reentry after deportation in violation of 8 U.S.C. § 1326. Defendant was sentenced to fifteen months of imprisonment and three years of supervised release. After serving his sentence, Defendant was deported on September 29, 2006.

On June 27, 2008, Defendant illegally reentered the United States in violation of 8 U.S.C. § 1325 and the conditions of his supervised release. On September 15, 2008, Defendant pled guilty to two counts of illegal entry and was sentenced to thirty months of imprisonment and one year of supervised release. *U.S. v. Salazar-Carrera*, 08CR2497-JAH. On December 5, 2008, the U.S. Probation Office petitioned for a warrant for violation of supervised release in this case, and the Court issued a no-bail bench warrant. (Doc. # 24).

1 On August 10, 2009, Defendant filed the motion before this Court seeking immediate adjudication of his supervised release violation. (Doc. # 29). The United States replied in opposition on November 2, 2009. (Doc. # 31).

## DISCUSSION

Federal Rule of Criminal Procedure 32.1(a)(1) states that "a person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge" for initial appearance. FED. R. CRIM. P. 32.1(a)(1). A preliminary hearing for probable cause must "promptly" be conducted, and the revocation hearing must be held "within a reasonable time." FED. R. CRIM. P. 32.1(b)(1) and (b)(2). Defendant is currently held in custody for violation of 8 U.S.C. §1325 and is not in custody for violating supervised release. Accordingly, Rule 32.1 does not apply to Defendant in this case. The Supreme Court has stated that the *execution* of the warrant and resulting custody triggers the loss of liberty underlying the above rules, not the mere issuance of the warrant. *Moody v. Daggett*, 429 U.S. 78, 87 (1976). An arrest warrant has been issued in this case but remains to be executed.

The Court concludes that the Defendant does not have a right to obtain immediate adjudication of his supervised release violation.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion for an order to adjudicate supervised release (Doc. # 29) is DENIED.

DATED: November 24, 2009

**WILLIAM Q. HAYES**
United States District Judge